UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTIAN ANTHONY LEGENDRE | CIVIL ACTION |
| VERSUS | NO. 25-2579 |
| JEFFERSON PARISH CORRECTIONAL CENTER JAIL, ET AL. | SECTION "J" (2) |

**FINDINGS AND RECOMMENDATION**

Plaintiff Christian Anthony Legendre filed this pro se *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 alleging false imprisonment due to his arrest in Jefferson Parish, Louisiana. ECF No. 1 at 4 (Deficient Complaint). Legendre did not pay the filing fee or submit a completed motion to proceed *in forma pauperis*, with the relevant certified account statement to be completed by the financial institution, with the complaint.

On January 2, 2026, the clerk of court sent Legendre a notice of these deficiencies which required him to pay the filing fee or file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 3. The envelope mailed to Legendre at his address of record has not been returned as undeliverable. Legendre has not responded to the clerk's notice.

On February 2, 2026, to provide Legendre another opportunity to respond and correct the deficiencies, I issued an order for him to show cause in writing on or before March 4, 2026, why his § 1983 complaint should not be dismissed for failure to prosecute by failing to pay the filing fee or file a properly completed and certified pauper application. ECF No. 4. My order also placed Legendre on notice that his failure to comply with the order would result in the recommendation that his complaint be dismissed. The clerk of court mailed a copy of the order to Legendre at his address of record. The envelope containing the order was returned as undeliverable marked

"Return to Sender, No Longer at JPCC." ECF No. 5 at 1. As of the date of this order, Legendre has not filed a response to the show cause order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a petitioner to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

All litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[5]

Legendre has not provided the fee necessary to prosecute his case nor has he responded to my order to show cause why this case should not be dismissed.  Further, to date, Legendre has not filed a Notice of Change of Address or otherwise contacted the court or clerk of court about

---

[1] *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F. 2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F. 2d 472, 474–75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F. 2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F. 2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F. 2d at 593.
[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

the deficiencies. His failure to comply with the court's orders and rules has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Legendre himself, justifying dismissal of his petition.[6]

In a final effort to provide plaintiff with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.   It is suggested to plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of his complaint. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

---

[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).

## <u>RECOMMENDATION</u>

For the foregoing reasons,

It is **RECOMMENDED** that plaintiff Christian Anthony Legendre's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this  16th  day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

*Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).